## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

DAVID PAUL READ, 10A5909,

|  |  |
|---|---|
| Plaintiff, | DECISION and ORDER |
| -vs- |  |
| Nurse M. BILL, R.N.; Nurse N. Hill, R.N.; Doctor JOHN DOE and GROVELAND CORR. FACILITY, | 11-CV-6367-CJS |
| Defendants. |  |

### APPEARANCES

For Plaintiff:

David P. Read 10A5909 *pro se*
Collins Correctional Facility
Post Office Box 340
Collins, NY 14034-0340

For Defendants:

Hillel David Deutsch, A.A.G.
New York State Attorney General's Office
144 Exchange Boulevard, Suite 200
Rochester, NY 14614

### INTRODUCTION

**Siragusa, J.** Defendants filed a Notice of Motion (Doc. No. 4) on September 27, 2011, seeking an Order dismissing the complaint, or, in the alternative, an Order revoking Plaintiff's *in forma pauperis* ("IFP") status. The Court issued a motion scheduling order on October 7, 2011, setting November 14, 2011, for Plaintiff to respond. However, subsequently the Court learned that Plaintiff had already filed two responses (Doc. Nos. 7 & 9) to Defendants' motion on October 4 and 5, 2011. The October 4 response

addresses that portion of Defendants' motion seeking revocation of Plaintff's IFP status, and it is that application which the Court addresses below. For the reasons that follow, Plaintiff's IFP status is revoked and he is directed to pay the filing fee.

## BACKGROUND

David Paul Read ("Plaintiff") filed his Complaint (Doc. No. 1) on July 26, 2011, asserting claims against Defendants Nurse Bill, Nurse Hill, Doctor John Doe, and Groveland Correctional Facility ("Defendants"). On June 14, 2011, he alleges that one of the defendants, Nurse Bill, asked him to place his "dirty fingers" in his mouth and move his tongue around so she could determine whether he had taken his medication. (Compl. ¶ II D.) When he initially refused to do so, he was asked again to comply, which he then did. (Id.) Plaintiff contends that this amounted to an unauthorized body cavity search and that his compliance were forced and that he suffered emotional trauma. (Id.)

On August 10, 2011, the Court granted Plaintiff's motion to proceed IFP and directed service of the complaint. (Doc. No. 3.) Defendants argue in their motion that Plaintiff has had at least three "strikes" under the Prisoner Litigation Reform Act of 1995, PL 14-134, 110 Stat. 1321 ("PLRA") and, therefore, his IFP status should be revoked and he should be required to pay the filing fee. (Doc. No. 6.) Plaintiff argues that the cases upon which Defendants rely are either pending appeal or are appealable and, thus, should not be considered "strikes." (Doc. No. 7.)

## STANDARD OF LAW

A motion made under PLRA does not require supporting affidavits, and the issue of whether a prior dismissed lawsuit is a "strike" for PLRA purposes is a question of law

for the Court. *See Tafari v. Hues*, 473 F.3d 440 (2d Cir. 2007). This Court has previously addressed the "three strikes" requirements in *Kalwasinski v. McCracken, et al.*, No. 09-CV-6295-CJS, 2009 WL 4042973 (W.D.N.Y. Nov. 19, 2009), and in that case stated:

[t]he PLRA added the following language to 28 U.S.C. § 1915:

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or the action or appeal—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief....

(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(e)(2) & (g) (1996). The language in subdivision (g) has been referred to as the "three strikes" rule. The Second Circuit has held that,

Section 1915(g) denies in forma pauperis status-that is, the ability to file a civil action with fees paid by the Court-to an incarcerated person who has filed three or more previous actions deemed to be "frivolous, malicious, or [which] fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

*Polanco v. Hopkins*, 510 F.3d 152, 153 (2d Cir. 2007). Even if a court has already granted *in forma pauperis* status to a plaintiff, should it thereafter become aware of a basis for denying that status pursuant to § 1915(g), it may nevertheless apply the statute. *See McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

*Kalwasinski*, 2009 WL 4042973, *2.

## ANALYSIS

Defendants, pointing to four prior cases, argue Plaintiff accumulated at least three strikes, and accordingly that his IFP status should be revoked. The Court will address each case below and determine whether each one is a strike. *See Gleash v. Yuswak*, 308 F.3d 758, 761–62 (7th Cir. 2002) ("whether a prisoner is disqualified under § 1915(g) must be determined by the court in which the fourth action is filed.").

The first case cited by Defendants is *Read v. Zugibe*, No. 10 Civ. 8428 (WHP), 2011 U.S. Dist. LEXIS 45153 (S.D.N.Y. April 5, 2011) (Doc. No. 5, Ex. A). In that case, the court granted the defendants' motion to dismiss the lawsuit against the judge, police, and prosecutors involved in his conviction "on various abstention and immunity grounds and for failure to state a claim." *Id.* 2011 U.S. Dist. LEXIS at *1. The district court ordered all pending motions terminated and the case closed. Since that case was dismissed on grounds for failure to state a claim, the Court finds it to be a "strike" against Plaintiff.

The second case cited by Defendants is *Read v. Town of Sufferen Police Dep't*, 10 Civ. 9042 (PGG),   (S.D.N.Y. May 17, 2011) (Doc. No. 5, Ex. B). The district court dismissed Plaintiff's claims against the same defendants sued in *Read v. Zugibe* on the same grounds, noting the judge's absolute immunity and the prosecutors' immunity "from civil suits for acts committed within the scope of their official duties … 'intimately

associated with the judicial phase of the criminal process'." *Id.*, slip. opn. at 2–3 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (other citations omitted). However, other defendants were permitted to remain in the case. Defendants here in their memorandum of law rely on authority holding that a partial dismissal may constitute an independent strike. For example, in *Eady v. Lappin*, No. 9:05-CV-0824, 2007 WL 1531879, *2 (N.D.N.Y. May 22, 2007), the district court stated that a partial dismissal counted as a "strike." Defendants also cited to contrary authority, *Tafari v. Hues*, 539 F. Supp. 2d 694 (S.D.N.Y. 2008). In *Tafari*, the district court analyzed the decision in *Eady* and concluded that,

> [t]o impose a strike for dismissal of a claim because it is frivolous, malicious or fails to state a claim, while permitting the plaintiff to proceed with the remaining claims within the complaint, would not serve the purpose of deterring frivolous litigation. As the Second Circuit noted, the purpose of section 1915(g) is to charge a strike upon determination that the action can not ultimately succeed. If some claims have merit they will proceed, and the amount of frivolous litigation therefore has not been reduced, and the rationale for charging a strike does not apply. In the interest of reaching a balance between enabling prisoners to bring meritorious suits and reducing the burden on the courts of frivolous suits, strikes should be imposed only when entire actions are dismissed for one of the stated reasons within section 1915(g).

*Tafari*, 539 F. Supp. 2d at 701–02 (citing *Ortiz v. McBride*, 380 F.3d 649, 658, 663 (2d Cir. 2004) and *Snider v. Melindez*, 199 F.3d 108, 11–12 (2d Cir. 1999)).

This Court agrees with the reasoning in *Tafari* and concludes that the "strike" rationale requires that the entire action be dismissed to count as a "strike". Therefore, the Court finds that because the entire action was not dismissed in *Read v. Town of Sufferen*, this case does not count as a "strike."

The third case cited by Defendants as a strike is *Read v. Downstate Correctional Facility*, 11 Civ. 2892 (LAP) (S.D.N.Y. July 20, 2011) (Doc. No. 5, Ex. C). There, the district court dismissed Plaintiff's complaint for failure to state a claim, giving Plaintiff a "three strikes" warning. *Id.*, slip. opn. at 4–5. The district court also denied Plaintiff leave to appeal IFP. *Id.* at 5; 28 U.S.C. § 1915(e)(2)(B)(ii). Since that case was dismissed on grounds for failure to state a claim, the Court finds it to be the second "strike" against Plaintiff.

The final case cited by Defendants is *Read v. Schonbrun*, No. 11 Civ. 3314 (LAP) (S.D.N.Y. June 27, 2011) (Doc. No. 5, Ex. D). In that matter, the district court dismissed Plaintiff's complaint for failure to state a claim, and also gave Plaintiff a "three strikes" warning. *Id.*, slip. opn. at 3. Moreover, the court there also denied leave to appeal IFP. *Id.*; 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court agrees with Defendants that the dismissal in *Read v. Schonbrun* constitutes a "strike." As Defendants note in their argument, this "strike" accrued on July 20, 2011, a date in between the time Plaintiff signed the complaint in the instant case (July 7, 2011) and the date he filed it with this Court (July 26, 2011). The question raised, therefore, is whether the dismissal on July 20, 2011, is a "strike" that counts against Plaintiff for the instant case. Because the instant case was filed on July 26, 2011, it was "brought" after Plaintiff had already accumulated three strikes. Consequently, *Read v. Schonbrun* was Plaintiff's third strike. Since Plaintiff does not claim imminent danger and accrued three strikes prior to filing in the instant case, this Court's prior determination (Doc. No. 3) that he qualifies for IFP status is vacated.

## CONCLUSION

Defendants' Motion (Doc. No. 4) is granted in part. The Court determines that pursuant to 28 U.S.C. § 1915(g), Plaintiff's *in forma pauperis* status is revoked. Plaintiff shall pay the applicable filing fee of $350 within thirty (30) days of the filing of this Order. Failure to pay the fee will result in a dismissal of this case without further order of the Court. The Court will address the portion of Defendants' Motion seeking dismissal pursuant to Federal Rule of Civil Procedure 12 after Plaintiff has paid the applicable filing fee as required by this Order.

So Ordered.

Dated:  October 21, 2011
        Rochester, New York

                     ENTER:

                              *Charles J. Siragusa*
                              CHARLES J. SIRAGUSA
                              United States District Judge