## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

DAVID PAUL READ,

                                            Plaintiff,

                    -vs-                                DECISION & ORDER

NURSE M. BILL, R.N.; NURSE N. HILL, R.N.;        11-CV-6367-CJS
DOCTOR JOHN DOE AND GROVELAND CORR.
FACILITY,

                                           Defendants.

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | David Paul Read 10A5909 |
| | Attica Correctional Facility |
| | Post Office Box 149 |
| | Attica, NY 14011-0149 |
| For Defendants: | Hillel David Deutsch, Esq. |
| | 144 Exchange Boulevard |
| | Rochester, NY 14614 |

## INTRODUCTION

**Siragusa, J.** This prisoner civil rights case is before the Court on Plaintiff's motion to reconsider this Court's prior decision determining that he is not entitled to *in forma pauperis* status as a result of having accumulated three strikes pursuant to 28 U.S.C. § 1915(g). For the reasons stated below, the Court grants Plaintiff's motion, and upon reconsideration, adheres to its prior decision and dismisses the case for failure to pay the filing fee.

**FACTUAL BACKGROUND**

On July 26, 2011, Plaintiff filed a civil rights complaint alleging that on June 5, 11, 22 and 23, 2011, two nurses and a doctor at Groveland Correctional Facility, forced him to put his fingers in his mouth after having taken medication. Plaintiff also alleges that he spoke to the Office of Mental Health psychiatrist or therapist about the incident, which he characterized as a body cavity search, and said he felt "sexually assaulted because it personal [sic] area that was displayed for everyone including inmates waiting on line and female nurses. It's degrading." *Id*. In the "Relief" section of his complaint, he seeks $100,000,000.00, or medical treatment, and asks to be "in federale [sic] protection where I belong." *Id*. at 7. He also claims that he needs,

> emmediate [sic] medical care for type of medical conditions that accured [sic] to me prior to coming to Groveland. My shoulder is diagnosed with impingment syndrom, also my neck is damaged from a prior claim at Midstate Correctional where evidence concures [sic] herniaded [sic] disk [sic] 7everal [sic] (c-spine are displaced). I need emmediate [sic] medical treatment that the state officials are neglecting me of the effective medical treatment for injuries.

Compl. at 7. In a Decision and Order filed on August 8, 2011, the Honorable David G. Larimer of this court granted Plaintiff *in forma pauperis* status, revised the caption of this action to what is displayed above, dismissed claims against Dr. John Doe and Groveland Correctional Facility, and ordered service on the remaining defendants. Decision and Order, Aug. 8, 2011, ECF No. 3. The following month, defendants M. Bill and N. Hill moved to dismiss on the following grounds: that claims against Defendants in their official capacities were barred; that the allegations regarding a search of Plaintiff's mouth did not allege personal involvement of a named Defendant; that Plaintiff failed to allege personal

injury contrary to the requirements of 42 U.S.C. § 1997e(e); and that Plaintiff's *in forma pauperis status* should be revoked under the tree strikes provision of 28 U.S.C. § 1915(g). Def.s' Mem. of Law at 2–4, Sept. 27, 2011, ECF No. 6. The Court issued a briefing schedule for the motion and set November 14, 2011 as the date for Plaintiff to respond. However, by the date the scheduling order was issued, Plaintiff had already responded to the motion. Therefore, the Court issued a Decision and Order on October 21, 2011, ECF No. 10. In its decision, the Court determined that Plaintiff has incurred three "strikes" and was therefore not entitled to *in forma pauperis* status. The Court noted that Plaintiff had not alleged he was in imminent danger. Consequently, the Court revoked Plaintiff's *in forma pauperis* status and ordered him to pay the requisite filing fee of $350.00 by November 21, 2011. In its decision, the Court admonished Plaintiff that, "Failure to pay the fee will result in a dismissal of this case…." *Id*. at 7.

On October 28, 2011, ECF No. 11, Plaintiff filed what the Court construes as a motion for reconsideration, raising for the first time allegations of serious physical injury. He referred again to the prior injuries to his neck, which he had described in the "Relief" portion of his initial complaint. ECF No. 11 at 1. He also claims that, "the State of New York prison system is not treating my pain and suffering for current injuries from an accident to my neck and constant pain and suffering due to those injuries. Plaintiff is left to the medical doctor and facility nurses to administer medication or treatment." *Id*. Plaintiff then discusses the case law that a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report. *Id*. at 2. Finally, he contends that one of the three cases the Court reviewed and found to be a strike under 42 U.S.C. § 1997e(e), is not.

**STANDARDS OF LAW**

As indicated, the Court construes Plaintiff's motion as one for reconsideration. As the Fifth Circuit has recognized, "[t]here is no motion for 'reconsideration' in the Federal Rules of Civil Procedure. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). However, a motion for reconsideration filed within ten days of the district court's judgment is construed as a Rule 59(e) motion that suspends the time for filing a notice of appeal. *See id.*" *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)."The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

**ANALYSIS**

In his motion, Plaintiff contends that one of the cases the Court determined was a "strike" is not. Motion at 5, Oct. 28, 2011, ECF No. 11. Referring to *Read v. Zugibe*, 10 Civ. 8428 (WHP), 2011 U.S. Dist. LEXIS 45153 (S.D.N.Y. April 5, 2011), Plaintiff argues that since summary judgment was granted in that case, it was not a strike, and cites to *Stallings*

*v. Kempker*, 109 Fed. App'x 832, 2004 WL 2165363, *1 (8th Cir. Sept. 15, 2004).[1] In that case, the Eighth Circuit wrote, "Because the district court resolved the case through summary judgment, the dismissal does not constitute a 'strike,' and we modify the judgment accordingly." *Id*. However, as the Court in *Zugibe* stated, the case was dismissed for failure to state a claim:

> Plaintiff pro se David Read ("Read") brings this action pursuant to 42 U.S.C. § 1983 alleging civil rights violations arising from his conviction in Rockland County Court. Defendants Sergeant Bertolino, Sergeant Ioveino, Sergeant Byers, the Town of Haverstraw, and the Honorable William K. Nelson move to dismiss the Complaint on various abstention and immunity grounds and for failure to state a claim. For the following reasons, Defendants' motion is granted….
>
> On a motion to dismiss, a court accepts a complaint's allegations as true and draws all reasonable inferences in the plaintiff's favor. *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). Because Read is proceeding *pro se*, this Court construes his Complaint liberally, interpreting it to raise the strongest arguments it suggests. *Weixel v. Bd. of Educ. of N.Y.C.*, 287 F.3d 138, 146 (2d Cir. 2002); *see also Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that a pro se litigant's submissions are held to "less stringent standards than [those] drafted by lawyers").
>
> "Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over suits 'that are, in substance, appeals from state-court judgments.'" *Phillips ex rel. Green v. N.Y.C.*, 453 F. Supp. 2d 690, 712-13 (S.D.N.Y. 2006) (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)); *see also Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) (noting that the doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced"). Application of the *Rooker-Feldman* doctrine requires a four-prong showing: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a

---

[1]The citation to the Federal Appendix reporter revealed that Plaintiff's citation, which indicated this case was decided by the Eastern District of California in 2006, is inaccurate.

> state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced . . ." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotations and alterations omitted). Here, all four prongs are satisfied. Read was convicted in state court before he filed this action, and he invites this Court to review the alleged improprieties that led to that conviction. Accordingly, this Court lacks jurisdiction over this action under the *Rooker-Feldman* doctrine.
>
> A corollary to this conclusion is that "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005). This prohibition applies when a § 1983 claim lies within the "core of habeas corpus," *i.e.*, when the "prisoner's victory . . . would necessarily demonstrate the invalidity of his conviction or sentence." *McKithen*, 481 F.3d at 99, 102. In this case, there can be little doubt that a showing that Read's conviction was predicated on perjury and false documents "would necessarily demonstrate [its] invalidity . . ." *McKithen*, 481 F.3d at 102 (emphasis removed). Accordingly, Read's claim lies within the core of habeas corpus and may only be brought in a habeas petition after exhaustion of the state appeal process. *See Wilkinson*, 544 U.S. at 79.
>
> Finally, although the Rockland County District Attorney Defendants have not appeared in this action, this Court lacks jurisdiction over Read's claims against them for the same reasons.

*Read v. Zugibe*, 2011 U.S. Dist. LEXIS 45153. The district court in *Zugibe* determined that Plaintiff's suit was barred, in part, because of the doctrine in *Heck v. Humphry*, 512 U.S. 477 (1994), which prohibits a civil rights lawsuit that would undermine a conviction, unless

the conviction is first overturned.[2] The Second Circuit explained the rule in *Jenkins v. Haubert*, 179 F.3d 19 (2d Cir. 1999):

> Thus, to comply with the *Heck* rule, a prisoner, as a prerequisite to maintaining his 1983 action, must establish that his conviction or sentence has been overturned or invalidated by an administrative board or a state court or a federal court in a habeas proceeding. Or, if the suit is not explicitly directed at an unlawful conviction or sentence, the prisoner must establish that his suit does not "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487.

*Jenkins*, 179 F.3d at 24–25. In *Hamilton v. Lyons*, 74 F.3d 99 (5th Cir. 1996), the Fifth Circuit held that, "*Heck* bars this claim unless Hamilton proves that his convictions or sentences have been reversed, expunged, invalidated, or otherwise called into question. Since Hamilton has not made such a showing, this claim is legally frivolous." *Id*. at 103. Accordingly, the district court's decision in *Zugibe* is a strike for purposes of 1997e(e).

In his motion at 6, ECF No. 11, Plaintiff also cites to the case of *Boriboune v. Litscher*, No. 03-C-50-C, 2003 WL 23208940, *4 (W.D. Wis. Feb. 24, 2003) ("Because petitioner is being denied leave to proceed in forma pauperis on his federal law claims, his state law claims must be dismissed except under extraordinary circumstances.") This case is not helpful to Plaintiff, since his lawsuit against Litscher did not include any state claims that were left pending after dismissal of federal claims. Plaintiff also cites to *Walker v. Kidney Doctor*, No. 96 Civ. 7746 (HB), 1997 U.S. Dist. LEXIS 17677 (S.D.N.Y. Nov. 5, 1997). This case is also distinguishable in that the dismissed case referred to in *Walker*

---

[2]In *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court carved out an exception for false imprisonment claims. According to the New York State Department of Community and Correctional Services' inmate locator website (http://nysdoccslookup.doccs.ny.gov/), Plaintiff is in custody on convictions for aggravated criminal contempt and two counts of criminal contempt in the first degree.

involved a decision, "on a factual record…." *Id.* There, the magistrate judge recommended that a summary judgment motion be granted, and the district court in *Walker* did not count the summary judgment decision as a strike. Plaintiff presents no compelling reason to reconsider the Court's prior decision that he has three strikes and is not eligible for *in forma pauperis* status.

With regard to Plaintiff's allegations of imminent danger, he alleges in his motion that the Groveland medical doctor refused to treat his injuries and prescribe pain medication. Motion at 14, Oct. 18, 2011, ECF No. 11. However, by his own pleadings, he is being administered medication for pain, high blood pressure and panic attacks. Motion at 14, 16 ("Unfortunately I just was perscribed [sic] the type of medications that is a red flag for corrections."), Oct. 28, 2011, ECF No. 11. Attached to the motion are copies of several prescriptions, including one for Oxycodone, a narcotic pain medication. *See What is oxycodone?* Drug Information Online, (March 29, 2012, 11:30 am), http://www.drugs.com/oxycodone.html. The gravamen of his complaint is that he is, "a victim of this correctional facility's abusive tacticks [sic] to discouradge [sic] hording [sic] medications. Violating private personal body parts. My complaint explained this." *Id*. Further, his assertions concerning the allegedly illegal body cavity search of his open mouth with his own fingers fails to allege any resulting physical injury, as required by statute.

## CONCLUSION

Plaintiff's motion for reconsideration is granted, and upon reconsideration, the Court adheres to its previous decision that Plaintiff is not entitled to *in forma pauperis* status as a result of accumulating three strikes under 42 U.S.C. § 1997e(e). Consequently, Plaintiff's complaint is dismissed for failure to pay the filing fee.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: April 3, 2012
       Rochester, New York

ENTER:

*/s/ Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge